**Sharon Dawn LOCKABY, on behalf of herself and others similarly situated, Plaintiff,**

v.

**TOP SOURCE OIL ANALYSIS, INC., f/k/a United Testing Group Inc. and Top Source, Inc., Defendant.**

**No. CIV.A. 1:96CV2737WBH.**

United States District Court, N.D. Georgia, Atlanta Division.

Jan. 30, 1998.

**1470**

Rose Goff, Greene, Buckley, Jones & McQueen, Atlanta, GA, for Plaintiff.

Henry D. Fellows, Stephanie Wright, Fellows, Johnson & LaBriola, Atlanta, GA, for Defendant.

## ORDER

HUNT, District Judge.

Plaintiff brings this action seeking damages and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Before the Court is defendant's motion for summary judgment [10].

## I. BACKGROUND

This action arises out of plaintiff's employment with United Testing Group, Inc. ("UTG").[1] Plaintiff was hired by UTG for the position of "Human Resource Coordinator/Accounting Assistant" in July 1993 and served in that position until March 1994, at which time her employment was terminated. In her complaint, plaintiff alleges that defendant violated the FLSA by failing to pay her overtime compensation for the hours she worked in excess of forty hours per week. Accordingly, she seeks to recover her unpaid overtime compensation as well as liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b).

Defendant, however, contends that it is entitled to summary judgment on plaintiff's claims for three reasons. First, it maintains that plaintiff's claims are barred by the applicable statute of limitations. It also asserts that plaintiff was an "exempt" employee under the FLSA and, therefore, not entitled to overtime compensation. Finally, it avers that plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 56, a court shall grant a motion for summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). Where the nonmoving party bears the burden of proof at trial, the moving party must demonstrate to the Court that "there is an absence of evidence to support the nonmoving party's case," *Celotex v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986), or must put forth affirmative evidence negating an element of the nonmoving party's case, *Fitzpatrick v. Atlanta,* 2 F.3d 1112, 1116 (11th Cir.1993). It is then the responsibility of the nonmoving party, by revealing evidence outside of the pleadings, to show that evidence supporting its case does exist or that the element sought to be negated remains a genuine issue of material fact to be tried. *Id.* Essentially, this requires the nonmoving party to come forward with evidence sufficient to withstand a directed verdict on this issue at trial. *Id.* at 1116–17.

---

1. Defendant Top Source Oil Analysis, Inc. is the successor corporation of United Testing Group, Inc. and Top Source, Inc.

The nonmoving party is not required to carry its burden of proof at the summary judgment stage. In analyzing the case, the Court views the facts in the light most favorable to the nonmoving party and makes all factual inferences in favor of that party. *Hairston v. Gainesville Sun Publishing Co.,* 9 F.3d 913, 918 (11th Cir.1993). "The court must avoid weighing conflicting evidence or making credibility determinations." *Id.* at 919. "Where a reasonable fact finder may 'draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the court should refuse to grant summary judgment.'" *Id.* (quoting *Barfield v. Brierton,* 883 F.2d 923, 933–34 (11th Cir.1989)).

As noted above, defendant has asserted three separate grounds in support of its motion for summary judgment. However, because the Court finds that plaintiff's claims are barred by the statute of limitations, the Court need not address the additional arguments advanced by defendant.

Although claims for unpaid overtime compensation under the FLSA normally must be brought within two years of the violation, in cases involving willful violations of the FLSA, the limitations period is extended to three years. 29 U.S.C. § 255(a). Because plaintiff did not file this action until October 21, 1996—over two years after her final day of employment at UTG, March 4, 1994—her claims are forever barred unless she can demonstrate that defendant willfully violated the FLSA. *See Bankston v. Illinois,* 60 F.3d 1249, 1253 (7th Cir.1995) (plaintiff bears burden of showing that defendant's conduct was willful for purposes of statute of limitations).

■ It is well established that to prove a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), a plaintiff must establish "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133, 108 S.Ct. 1677, 1681, 100 L.Ed.2d 115 (1988). If, in determining its legal obligation under the FLSA,

an employer acts unreasonably, but not recklessly, its actions should not be considered willful. *Id.* at 135 n. 13, 108 S.Ct. at 1682 n. 13. After carefully considering the record before it and the parties' arguments, the Court concludes that plaintiff has failed to make a showing on this question sufficient to withstand defendant's motion for summary judgment.

Plaintiff does not argue that defendant acted with actual knowledge that it was violating the FLSA by not paying plaintiff overtime compensation. Rather, she contends that defendant acted with reckless disregard for its obligations under the statute. This argument is inextricably entwined with the merits of plaintiff's claim.

■ The FLSA's requirement that an employer must provide overtime compensation for hours worked in excess of forty per week does not apply to all employees. Among the employees who are exempt from the requirement is "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). Defendant maintains that it did not provide plaintiff overtime compensation because she was employed in a bona fide administrative capacity. Plaintiff disputes this conclusion.

An employee who is compensated at a rate of not less than $250 per week, as plaintiff concedes she was, is considered to be an "employee employed in a bona fide ... administrative ... capacity" within the meaning of the FLSA if her primary duty consists of "[t]he performance of office or nonmanual work directly related to management policies or general business operations of [her] employer or [her] employer's customers ... which includes work requiring the exercise of discretion and independent judgment." 29 C.F.R. § 541.2(a)(1), (e)(2). *See also* 29 C.F.R. § 541.214. Plaintiff testified in her deposition that during her employment with UTG she was responsible for personnel matters, benefits matters, payroll administration, human resources administration, preparing a personnel manual for UTG, assisting employees in enrolling in the com-

pany's 401(k) plan, and serving as a liaison between managers and employees. Deposition of Sharon Lockaby at pp. 21–39. These duties clearly relate to the management policies or general business operations of UTG and appear to involve the exercise of discretion and independent judgment. Thus, although plaintiff correctly notes that the determination of whether an employee falls within the administrative exemption generally requires an extensive factual inquiry, it is clear that plaintiff's employment duties were at least sufficiently close to fitting within the criteria for the exemption that defendant's failure to pay her overtime cannot, without more, be found to demonstrate a reckless disregard for its obligations under the FLSA.

However, in addition to satisfying the "duties" test set forth above, in order to qualify for the bona fide administrative exemption, an employee must also be "compensated for [her] services on a salary or fee basis." 29 C.F.R. § 541.2(e). Plaintiff contends that, although she was paid $23,000 per year by UTG, she was not paid on a "salary basis" within the meaning of the FLSA.[2] According to the relevant regulations, an employee is considered to be paid on a "salary basis" if she receives each pay period "a predetermined amount constituting all or part of [her] compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.118(a). Plaintiff contends that she does not fit within this definition because she was subject to defendant's policy of charging an employee's absence of greater than two hours against the employee's accumulated leave time or pay. The Court need not delve too deeply into this argument in order to resolve the statute of limitations issue.

At the time plaintiff was employed by UTG, the law in this circuit was clear that the mere possibility of improper deductions in pay would not defeat an employee's salaried status; only actual deductions would yield such a result. *Atlanta Professional Firefighters Union v. Atlanta*, 920 F.2d 800, 805 (11th Cir.1991).[3] Plaintiff, however, has not alleged that she was ever subjected to any improper deductions from her pay based on absences of less than one day.[4] In the absence of such evidence, the existence of a policy that might have subjected plaintiff to improper deductions cannot create a genuine issue of material fact on the question of defendant's willfulness.[5]

■ Plaintiff, however, further contends that the fact that defendant conducted an

---

2. Defendant does not maintain, nor could any colorable argument be made, that plaintiff was compensated on a "fee basis" within the meaning of the FLSA. *See* 29 C.F.R. § 541.313.

3. The Court recognizes that the Supreme Court adopted a different interpretation of the salary-basis test in *Auer v. Robbins*, 519 U.S. 452, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997) (employee is not salaried for purposes of the FLSA if there is either an actual practice of making improper deductions or an employment policy creates a "significant likelihood" of such deductions). However, in determining whether defendant's conduct between July 1993 and March 1994 evinced a reckless disregard for its obligations under the FLSA, the Court must evaluate its conduct in light of the state of the law at that time.

4. Although defendant bears the burden of proof on the issue of whether plaintiff was exempt from the overtime requirement and, therefore, would be required to demonstrate that she was not subject to improper deductions in order to prevail on that ground, plaintiff bears the burden

of demonstrating that defendant's conduct was willful for statute of limitations purposes. *Bankston v. Illinois*, 60 F.3d 1249, 1253. Consequently, the lack of evidence of actual deductions from plaintiff's pay must be held against plaintiff in this context.

5. The Court recognizes that plaintiff seeks to prosecute this suit as a class action on behalf of all UTG employees who were improperly denied overtime compensation and that plaintiff alleges in her affidavit that, while performing her payroll duties, she did, in fact, charge absences of greater than two hours against the vacation time or sick leave of other employees that were classified as exempt. However, plaintiff's claims of deductions from other employees' pay are not relevant to the question of whether plaintiff's individual claims are barred by the statute of limitations. Furthermore, because the Court finds that plaintiff's claims are time-barred and plaintiff has not identified another individual who could serve as class representative, this suit cannot be maintained as a class action.

"internal audit" to determine why plaintiff was regularly staying at UTG past regular business hours belies its assertion that it believed that she was an exempt employee. She argues that if defendant truly believed that plaintiff was an exempt employee, it would not care if she worked past normal business hours, and that a jury could reasonably infer from the audit that defendant believed that she was entitled to overtime compensation. However, while the Court is required to draw all reasonable inferences in plaintiff's favor in this context, it is not required to draw inferences that are not supported by the underlying facts of the case. *See James v. Otis Elevator Co.,* 854 F.2d 429 (11th Cir.1988).

The audit itself is a mere scintilla of evidence that, standing alone, cannot defeat defendant's motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). The record, however, is bereft of any other evidence that supports the inference that defendant willfully violated the FLSA, and contains evidence that directly contradicts that inference.[6] Accordingly, the Court concludes that plaintiff has failed to demonstrate the existence of a genuine issue of material fact on the question of whether UTG acted with reckless disregard of its obligations under the FLSA. Because this conclusion mandates a finding that plaintiff's claims are barred by the statute of limitations, the Court need not address the other arguments raised by defendant in support of its motion for summary judgment.

### III. CONCLUSION

For the aforementioned reasons, defendant's motion for summary judgment [10] is GRANTED. The Clerk of the Court is DIRECTED to enter judgment in favor of defendant and to close this case.

---

**6.** For example, although it is undisputed that defendant conducted the audit, plaintiff concedes that she was never instructed by any member of management not to work overtime. Affidavit of Sharon Lockaby ¶ 4.